IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

    Plaintiff,

vs.

YOHAN WEBB,

    Defendant.

8:22CV250

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Austin Edward Lightfeather's correspondence at Filing No. 8, which the Court construes as a response to the Court's July 15, 2022 Memorandum and Order (the "Order to Show Cause") requiring Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. *See* Filing No. 6. This Court has identified three or more federal court cases brought by Lightfeather, while a prisoner, that were dismissed as frivolous or for failure to state a claim. The cases identified were:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Lightfeather filed a response to the Court's Order to Show Cause on July 22, 2022, Filing No. 8.[1] In his response, Lightfeather explains that his autism hinders his ability to think and act and argues that a finding of three strikes would impact his "Federal right to an attorney"[2] and would prevent him from requesting release in the future if the opportunity arises. *Id*. at 2. He also argues a finding of three strikes would violate his right to be free from incarceration, *Id*. at p. 3, and would violate his rights

---

[1] Lightfeather also filed a letter on July 28, 2022, Filing No. 9, informing the Court that Lightfeather requested that "the workers" send the Clerk of Court a check for the amount owed. The correspondence at Filing No. 9 does not address the Order to Show Cause and appears to be merely informational.

[2] Contrary to Lightfeather's belief, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

under federal disability law, Id. at p. 4. None of these assertions provide a legal basis to exclude Lightfeather from the three strikes provision of the PLRA.

In his Complaint, Lightfeather alleges Defendant Yohan Webb, another inmate in the Lancaster County Department of Corrections ("LCDC"),[3] has harassed him, used abusive language towards him, stole documents from him, and otherwise interfered with Lightfeather's pending civil and criminal cases. Filing No. 1. Lightfeather also alleges Webb "poisend [sic] a piece of candy and dinner roll he saved then gave it to [Lightfeather] to cause [him] health problems" and "lied to medical claiming [Lightfeather] was halusinating [sic] after [he] told on [Webb] for theft which promoted [sic] a shot of Envaga." Id. at 3–4. However, none of these allegations indicate an imminent threat of harm. Even Lightfeather's vague statements of receiving poisoned food and an unwarranted injection of medication fail to suggest he suffered any injury as a result of those events or that he faces a continuing threat of injury because of them. Therefore, Lightfeather cannot satisfy the imminent danger of serious physical injury standard as he makes no claim of actual or potential physical harm.

Though not filed in response to the Order to Show Cause, the Court also considers Plaintiff's motions for leave to proceed IFP. Filing No. 2; Filing No. 10. Like his Complaint, Plaintiff's IFP motions contain allegations that Webb harassed Lightfeather and used demeaning and sexually explicit language towards Lightfeather which "put [Lightfeather] in danger for suicide in which [he] went on suicide watch for 2 days from August 11–14." Filing No. 10 at 2. However, allegations of past danger do not qualify as a threat of imminent danger under the plain language of § 1915(g).

---

[3] Since filing his Complaint, Lightfeather has been placed at the Nebraska Department of Correctional Services' Diagnostic and Evaluation Center, though he remains a pretrial detainee in the custody of Lancaster County. See Filing No. 1 at 3, 8, Case No. 8:22CV360.

3

*Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan.")

In sum, the Court has considered Lightfeather's response to the Order to Show Cause, the Complaint, and his motions to proceed IFP and finds his allegations do not support a finding that Lightfeather faces an imminent danger of serious physical injury. Lightfeather, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Lightfeather has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Lightfeather's Motions for Leave to Proceed in Forma Pauperis, Filing No. 2; Filing No. 10, are denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

4. The Clerk of Court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Lightfeather at the Nebraska Department of Corrections – Lincoln, P.O Box 22800, Lincoln, NE 68542-2800, and update his address in this case accordingly.

Dated this 31st day of October, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge